IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID L. VETTEL,<br><br>    Defendant. | **4:21CV3099**<br><br>**ORDER** |

  After conferring with counsel for the parties,

  IT IS ORDERED:

1) The non-jury trial of this case is set to commence before Joseph F. Bataillon, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 8:30 a.m. on January 9, 2024, or as soon thereafter as the case may be called, for a duration of two (2) trial days.

2) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on December 19, 2023 at 10:00 a.m., and will be conducted by internet/telephonic conferencing. The court will provide conferencing instructions to participate in the conference. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to zwart@ned.uscourts.gov, in either Word Perfect or Word format, by 5:00 p.m. on December 15, 2023.

3) The deadline for filing motions for summary judgment and/or to exclude experts on Daubert or related grounds is extended to September 1, 2023.

4) A settlement conference will be held before the undersigned magistrate judge with counsel and representatives of the parties on August 3, 2023, beginning at **9:00 a.m.** by Zoom, with conferencing instructions provided by separate order. The following requirements apply to the settlement conference:

a. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference.

b. Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference.

c. If a party fails to comply with paragraph (4)(b) of this order, the settlement conference will be cancelled and costs, attorney fees, and sanctions may be imposed by the court against the non-complying party, counsel for that party, or both.

d. Prior to the settlement conference,

- Defendant shall fully disclose his financial assets available for settlement of this case; and

- The parties shall discuss settlement, exchange proposals for settlement so the parameters of settlement have been explored well in advance; and discuss any non-negotiable items, including both monetary and nonmonetary terms.

    If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned magistrate judge and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. To avoid unnecessarily incurring travel and other expenses if the settlement conference is canceled or postponed, any request for a conference to discuss cancellation or postponement must be made on or before July 24, 2023.

e. Counsel shall submit a confidential settlement statement to the undersigned by email to zwart@ned.uscourts.gov no later than July 28, 2023, setting forth:

- the relevant positions of the parties concerning factual issues, issues of law, damages;

2

- the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed; and
- any non-negotiable monetary or nonmonetary settlement terms, and the opposing party's position regarding such terms.

The court will review the terms set forth in the confidential settlement statements and determine whether a telephone conference will be necessary in advance of the conference, or if the parties' respective settlement positions are so divergent that a settlement is not reasonably possible in this matter. Since the undersigned magistrate judge will have no further substantive involvement in this case, this statement should describe candid and confidential interests or positions that in counsel's opinion may be preeminent in negotiating a settlement; copies should NOT be served on opposing counsel or parties.

f. Notwithstanding the provisions of Rule 408, Fed. R. Evid., all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pursuing a motion for sanctions regarding the settlement conference.

June 6, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge